**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **WILLIAM H. COOK III,** | CASE NO. 3:23 CV 2211 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COLETTE PETERS, et al.,** | **MEMORANDUM OPINION** |
| Defendants. | **AND ORDER** |

### INTRODUCTION

*Pro se* Plaintiff William H. Cook III filed this *in forma pauperis* civil rights action against Colette Peters, Director of the Federal Bureau of Prisons ("BOP"); David LeMaster, Warden of Ashland Federal Correctional Institution ("FCI"); S. Gibson, Camp Administrator of Ashland FCI; Michelle Fulgum, Manager of BOP's Nashville Residential Re-entry; Alan Fabry, Director of Volunteers of America OHIN; Chris Gomez, Regional Director of BOP; and BOP's Office of General Counsel. (Doc. 1). For the following reasons, the Court dismisses this action.

### BACKGROUND

Plaintiff's Complaint contains very few facts. Plaintiff, who was seemingly incarcerated at Ashland FCI, states in a conclusory fashion that he qualified for a CARES Act release between August 27, 2022, and January 12, 2023. (Doc. 1, at 6). He also states he is a "highly immunocompromised individual" and the "additional incarceration time" exposed him to COVID-19 and "toxic black mold." *Id.* In the statement of his claim, Plaintiff alleges Defendants (1) failed to abide by the Attorney General's Memo regarding prioritizing home confinement in response to

the COVID-19 pandemic and (2) violated 18 U.S.C. §3624(g)(11) ("Prerelease custody capacity"). *Id.* Plaintiff seeks damages for each day "held beyond qualifying for a CARES Act release." *Id.*

## STANDARD OF REVIEW

Plaintiff has filed an application to proceed in this action *in forma pauperis*. (Doc. 2). The Court grants that application. Accordingly, because Plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading

2

standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

Plaintiff appears to allege Defendants violated Section 3624 of the First Step Act ("FSA") and the CARES Act when he was not released between August 2022 and January 2023.

The BOP has the authority to permit an inmate to serve the end of a term of incarceration in a community correctional facility or residential reentry center, such as a halfway house, for a period not to exceed twelve months, or to place an inmate on home confinement for the shorter of ten percent of the term of imprisonment or six months. 18 U.S.C. § 3624(c)(1) and (2). Section 3624(g) governs prerelease custody or supervised release for risk and needs assessment system participants. Under this section, an inmate must have been determined to be a minimum or low recidivism risk for the application of FSA time credits and placement in prerelease custody or early transfer to supervised release to occur. *See* 18 U.S.C. § 3624(g)(1)(D)(i) and (ii). And Section 3624(g)(11) provides the BOP Director must "ensure there is sufficient prerelease custody capacity to accommodate all eligible prisoners." 18 U.S.C. § 3624(g)(11).

The BOP's authority was expanded under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, § 12003(b)(2), which provides that "[d]uring the covered emergency period * * * the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code." CARES Act, Pub. L. 116-136, Div. B., Title II, § 12003(b)(2).

Here, Plaintiff fails to state a claim for relief under Section 3624 of the FSA or the CARES Act. As an initial matter, Plaintiff fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to include any factual allegations supporting his claim that he had been determined to be a minimum or low recidivism risk or was otherwise qualified under Section 3624 of the FSA or the CARES Act for prerelease custody or supervised release. Rather, the complaint consists solely of one conclusory allegation that he "qualified" for a CARES Act early release date. *See* Doc. 1, at 6. The complaint therefore presents the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" for which dismissal is required. *Iqbal*, 556 U.S. at 678.

Additionally, as stated by numerous other district courts, neither the FSA nor the CARES Act provides a private cause of action. *See, e.g.*, *Barnett v. United States*, 2022 U.S. Dist. LEXIS 187564, at *7-8 (D. Kan) (stating there is "no indication that a private cause of action exists under which Plaintiff" may seek compensation for the violation of a purported right to compassionate release under the FSA); *Ealy v. Knoebel*, 2019 U.S. Dist. LEXIS 72580, at *5 (E.D. Ky.) (no private cause of action under the FSA); *Azzara v. McFarland*, 2019 U.S. Dist. LEXIS 55924, at *6 (S.D.N.Y.) ("Congress was perfectly capable of passing a law establishing a damages remedy to enforce the First Step Act. It did not."); *Puckett v. U.S. Dep't of Treasury IRS*, 2021 U.S. Dist. LEXIS 115607, at *6 (N.D. Ohio) ("The CARES Act did not establish a private right of action to dispute the IRS's determination of an individual's eligibility for the EIP."); *Ortiz v. Bus. Consumers*, 2023 U.S. Dist. LEXIS 30674, at *4 (C.D. Cal.) ("[T]he CARES act does not create an implied private right of action under which Plaintiffs assert such a claim."); *Radix L. PLC v. JPMorgan Chase Bank NA*, 508 F. Supp. 3d 515, 520 (D. Ariz. 2020) ("[T]here is no private right of action to enforce the CARES Act.") (collecting cases); *Saloojas Inc. v. Blue Shield of Cal. Life*

4

*& Health Ins. Co.*, 2022 U.S. Dist. LEXIS 180717 (N.D. Cal.) (observing "the overwhelming majority of district courts to have addressed the issue have found" neither the CARES Act nor Families First Coronavirus Response Act creates a private right of action) (collecting cases); *Betancourt v. Total Prop. Mgmt.*, 2022 WL 2359286, at *3 (E.D. Cal.) ("Significantly, courts have repeatedly determined the CARES Act did not create a private right of action for violations.") (collecting cases); *Am. Video Duplicating Inc. v. City Nat'l Bank*, 2020 WL 6882735, at *5 (C.D. Cal.) ("Unsurprisingly, every court to address whether the CARES Act created an implied private right of action has held that it does not.") (collecting cases); *Horvath v. JP Morgan Chase & Co.*, 2022 WL 80474, at *5 (S.D. Cal.) ("To the extent that Plaintiff alleges that Defendant violated various provisions of the CARES Act, Plaintiff does not have a cause of action under the CARES Act.") (citations omitted).

Because Plaintiff's sole ascertainable cause of action and basis for jurisdiction is brought pursuant to the FSA and the CARES Act, under which no private cause of action lies, Plaintiff fails to state a claim on which relief may be granted.

To the extent that Plaintiff's complaint can be construed as a private action for damages against federal officials alleged to have violated his constitutional rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), he fails to state a claim. *Bivens* provides a private cause of action where a plaintiff alleges that he was deprived of a right secured by the United States Constitution by persons acting under color of federal law. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (citing *Bivens*). Liberally construing the complaint, Plaintiff alleges Defendants violated his right to prerelease custody or early transfer to supervised release. The United States Supreme Court, however, has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the

5

expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Moreover, *Bivens* provides a cause of action for certain limited constitutional violations: (1) Fourth Amendment search and seizure; (2) Fifth Amendment gender discrimination; and (3) Eighth Amendment cruel and unusual punishment. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). And expanding *Bivens* remedies to other causes of action is "'disfavored.'" *Id.* at 1857 (quoting *Iqbal*, 556 U.S. at 675). Therefore, even assuming Plaintiff has a constitutional right to prerelease custody or early transfer to supervised release, this claim is not recognized under *Bivens*.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED THAT Plaintiff's Application to Proceed *In Forma* Pauperis (Doc. 2) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that this action be, and the same hereby is DISMISSED under 28 U.S.C. § 1915(e)(2); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

  s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE